RATTET, PASTERNAK & GORDON-OLIVER, LLP
Proposed Attorneys for the Debtor
550 Mamaroneck Avenue
Harrison, New York 10528
(914) 381-7400

Dawn K. Arnold
Erica R. Feynman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                          Case No. 10-23505(rdd)
IAME GROUP LTD.,
                                        Debtor.
------------------------------------------------------------X

## DECLARATION OF IRWIN KUPERBERG
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK              )
                              ) ss.:
COUNTY OF WESTCHESTER          )

IRWIN KUPERBERG, being duly sworn, deposes and says:

1.      I am the President and sole shareholder of IAME Group, Ltd. ("IAME"), a New

York Corporation with an address at 27 Brookridge Court, Rye Brook, New York 10573

("Debtor"). Pursuant to Bankruptcy Rule 1007(d) and Local Rule of this Court 1007-2, the

Debtor provides the following information.

**Local Rule 1007-2(a)(1)**

2.      Since 1992, IAME has been a leading provider of continuing medical education to

physicians and other health care workers.  IAME provides medical education in two primary

formats – live and video.  IAME organizes live programs at high-end convention hotels such as

The Venetian, Starwood, Marriot and Fairmont.

3. Due to the downturn in the economy, IAME experienced a decrease in attendance rate at its live educational conferences while also experiencing an increase in industry expenses to run the live conferences. Moreover, several of the Debtor's hotel vendors are owed fees for which there is insufficient cash flow.

4. As a result of these cash flow problems, on December 22, 2008, the Debtor filed a Chapter 11 bankruptcy proceeding which proceeding was captioned, *In re IAME Group, Ltd.* Chapter 11 Case No. 08-23860(RDD)(the "Initial Filing"). The Debtor required the protections of Chapter 11 bankruptcy because it was no longer able to satisfy its obligations as they came due and it intended to reorganize its affairs under the protections of the Bankruptcy Code.

5. The Debtor was unable to propose a plan of reorganization within the required timeframe required by the Bankruptcy Code for a small business debtor due to complications which arose in connection with a pension plan which the Debtor maintains. Specifically, the Debtor required the services of special ERISA counsel in order to evaluate the Debtor's pension plan and provide counsel as to whether a standard or distressed termination was in the best interests of the Debtor or whether the Debtor would be better served by maintaining the pension plan. Unfortunately, by the time that the Debtor was able to make an informed decision as to the proper treatment of its pension plan, the time within which the Bankruptcy Code requires a small business debtor to confirm a chapter 11 plan had expired and the Debtor had no choice but to seek dismissal of that proceeding, which Order was entered on July 8, 2010.

6. Prior to and during the Initial Filing the Debtor had been decreasing its operating expenses and is confident that it will be able to reorganize its affairs in chapter 11. Although these efforts have been successful, the Debtor still requires the protections of chapter 11 in order to restructure the debts which it accrued prior to the Initial Filing. Now that the Debtor has

2

successfully resolved its complications regarding its pension, it is confident that it will successfully be able to emerge from chapter 11 within the timeframe required under the Bankruptcy Code. The Debtor already has twelve (12) live conferences scheduled through May of 2011 which conferences are scheduled to be held across the country and for which registration is ongoing. The anticipated cash flow from these upcoming conferences will form the basis for the Debtor's plan of reorganization which it intends to file shortly.

## Local Rule 1007-2(a)(2)

7.     This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

## Local Rule 1007-2(a)(3)

8.     Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

## Local Rule 1007-2(a)(4)

9.     The names and addresses of the twenty (20) largest unsecured creditors excluding (i) those creditors who or which would not be entitled to vote at a creditors' meeting under 11 U.S.C. Section 702; (ii) such creditors who were employees of the Debtor at the time of the filing of its petition for reorganization; and (iii) creditors who are "insiders" as that term is defined in 11 U.S.C. Section 101(31) are annexed hereto as Exhibit "A".

## Local Rule 1007-2(a)(5)

10.     A list of the names and addresses of the five largest secured creditors is annexed hereto as Exhibit "B".

## Local Rule 1007-2(a)(6)

11.     A summary of the Debtor's assets and liabilities is annexed as Exhibit "C".

**Local Rule 1007-2(a)(7)**

12.     The Debtor does not have any publicly held shares of stock, debentures or other securities.

**Local Rule 1007-2(a)(8)**

13.     None of the Debtor's property is in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

14.     The Debtor operates its business pursuant to a month-to-month arrangement at 27 Brookridge Court, Rye Brook, New York 10573. The Debtor also operates from a secondary office located at 54 Hearthstone Lane, So. Londonberry, VT 05155.

**Local Rule 1007-2(a)(10)**

15.     The Debtor's substantial assets are located at 27 Brookridge Court, Rye Brook, New York 10573.

**Local Rule 1007-2(a)(11)**

16.     As of the Filing Date the Debtor is not a party any litigation.

**Local Rule 1007-2(a)(12)**

17.     The Debtor's senior management is comprised of Irwin Kuperberg who oversees the day-to-day operations of the business.

**Local Rule 1007-2(b)(1)**

18.     The estimated weekly payroll to employees (exclusive of officers, directors, stockholders and partners) for the thirty (30) day period following the filing of the chapter 11 petition is $19,500.

4

**Local Rule 1007-2(b)(2)**

19.     The estimated amount to be paid for services to its officer, director and shareholders for the thirty (30) day period following the filing of the Chapter 11 petition is $10,500.

**Local Rule 1007-2(b)(3)**

20.     The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition is annexed hereto as Exhibit "D".

**Conclusion**

21.     In addition to the foregoing, a list of all shareholders, directors and officers is annexed as Exhibit "E".

22.     The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

23.     The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Harrison, New York
            June 29, 2010

                                        _/s/ Irwin Kuperberg_
                                        Irwin Kuperberg, President

5

# EXHIBIT "A"

## TWENTY LARGEST UNSECURED CREDITORS

* List does not include insiders within the meaning of 11 U.S.C. Section 101 (14)

See Attached.

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Southern District of New York

In re   **IAME GROUP LTD. 2**

Debtor(s)

Case No.

Chapter **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Caprice Associates 14 Elm Place P.O. Box 10583 Rye, NY 10573 | Caprice Associates 14 Elm Place P.O. Box 10583 Rye, NY 10573 | Lease Balance for Former Business Premises. Subject to set off | Unliquidated | 320,000.00 |
| Venetian Resort and Casino 3355 Las Vegas Blvd.South Las Vegas, NV 89109 | Venetian Resort and Casino 3355 Las Vegas Blvd.South Las Vegas, NV 89109 | Conference Related Charges | | 106,618.47 |
| Westin Buckhead 3391 Peach Tree Road NE Atlanta, GA 30326 | Westin Buckhead 3391 Peach Tree Road NE Atlanta, GA 30326 | | | 101,964.34 |
| Chicago Marriott Downtown Marriott Business Services 1965 Marriott Drive Louisville, TX 77777 | Chicago Marriott Downtown Marriott Business Services 1965 Marriott Drive Louisville, TX 77777 | Conference Related Charges | | 91,086.78 |
| Fairmont Hotels & Resorts Canada Pacific Tower 100 Wellingtown St. W, Ste 16 Miami, FL 33180 | Fairmont Hotels & Resorts Canada Pacific Tower 100 Wellingtown St. W, Ste 16 Miami, FL 33180 | Conference Related Charges | | 26,000.00 |
| Ameican Academy of Medicine NY 1216 Fifth Avenue New York, NY 10029 | Ameican Academy of Medicine NY 1216 Fifth Avenue New York, NY 10029 | | | 17,600.00 |
| United Parcel Service P.O. Box 650580 Dallas, TX 75265-0580 | United Parcel Service P.O. Box 650580 Dallas, TX 75265-0580 | Courier Service | | 3,684.75 |
| Moses & Singer, LLP 405 Lexington Avenue New York, NY 10174 | Moses & Singer, LLP 405 Lexington Avenue New York, NY 10174 | Attorney Fees | | 2,358.90 |
| AT&T 1 Att Way Bedminster, NJ 07921 | AT&T 1 Att Way Bedminster, NJ 07921 | Long Distance Telephone Service | | 1,371.51 |
| The Hartford 301 Woods Park Drive Clinton, NY 13323 | The Hartford 301 Woods Park Drive Clinton, NY 13323 | Insurance Premium | | 1,159.00 |

In re **IAME GROUP LTD. 2**      Case No. _____

Debtor(s)

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| NYS Department of Labor<br>White Plains District Office<br>120 Bloomindale Road-Room 230<br>White Plains, NY 10605 | NYS Department of Labor<br>White Plains District Office<br>120 Bloomindale Road-Room 230<br>White Plains, NY 10605 | | | 642.63 |
| NYS Department of Tax & Financ<br>Bankruptcy/Special Procedures<br>P.O. Box 5300<br>Albany, NY 12205-0300 | NYS Department of Tax & Financ<br>Bankruptcy/Special Procedures<br>P.O. Box 5300<br>Albany, NY 12205-0300 | | | 365.60 |
| Neopost, Inc.<br>P.O. Box 45822<br>San Francisco, CA 94145 | Neopost, Inc.<br>P.O. Box 45822<br>San Francisco, CA 94145 | Lease Arrears | | 80.00 |
| Verizon<br>P.O. Box 15124<br>Albany, NY 12212-5124 | Verizon<br>P.O. Box 15124<br>Albany, NY 12212-5124 | Telephone Services | | 31.95 |
| | | | | |
| | | | | |
| | | | | |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the PRESIDENT of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date _____     Signature _____

**IRWIN KUPERBERG**
**PRESIDENT**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

## FIVE LARGEST SECURED CREDITORS

Capital One                                    $175,000
57 Purchase Street
Rye, New York 10580

Wachovia Bank                                  $105,000
12 Purdy Avenue
Rye, New York 10580

# EXHIBIT "C"

## SUMMARY OF ASSETS AND LIABILITIES

See Attached.

## BALANCE SHEET

The Balance Sheet is to be completed on an accrual basis only. Pre-petition liabilities must be classified separately from post-petition obligations.

| ASSETS | BOOK VALUE AT END OF CURRENT REPORTING MONTH | BOOK VALUE AT END OF PRIOR REPORTING MONTH | BOOK VALUE ON PETITION DATE OR SCHEDULED |
|---|---|---|---|
| **CURRENT ASSETS** | | | |
| Unrestricted Cash and Equivalents | $ 514,270.46 | $ 579,998.36 | $ 30,809.47 |
| Restricted Cash and Cash Equivalents (see continuation sheet) | | | |
| Accounts Receivable (Net) | $ 15,000.00 | $ 15,000.00 | $ 16,000.00 |
| Notes Receivable | | | |
| Undeposited Funds | $ 8,000.00 | $ 8,000.00 | |
| Prepaid Expenses | | $ - | |
| Professional Retainers | | | |
| Other Current Assets (attach schedule) | $ 18,801.78 | $ 18,801.78 | $ 13,458.16 |
| TOTAL CURRENT ASSETS | $ 41,801.78 | $ 41,801.78 | $ 29,458.16 |
| **PROPERTY & EQUIPMENT** | | | |
| Real Property and Improvements | | | |
| Machinery and Equipment | | | |
| Furniture, Fixtures and Office Equipment | $ 19,903.28 | $ 19,903.28 | $ 18,461.70 |
| Leasehold Improvements | | | |
| Vehicles | | | |
| Less: Accumulated Depreciation | $ (19,903.28) | $ (19,903.28) | $ (14,638.00) |
| TOTAL PROPERTY & EQUIPMENT | $ - | $ - | $ 3,823.70 |
| **OTHER ASSETS** | | | |
| Amounts due from Insiders* | | | |
| Other Assets (attach schedule) | | | |
| TOTAL OTHER ASSETS | | | |
| TOTAL ASSETS | $ 556,072.24 | $ 621,800.14 | $ 64,091.33 |

| LIABILITIES AND OWNER EQUITY | BOOK VALUE AT END OF CURRENT REPORTING MONTH | BOOK VALUE AT END OF PRIOR REPORTING MONTH | BOOK VALUE ON PETITION DATE |
|---|---|---|---|
| **LIABILITIES NOT SUBJECT TO COMPROMISE (Postpetition)** | | | |
| Accounts Payable | $ 61,812.38 | $ 25,018.00 | |
| Taxes Payable (refer to FORM MOR-4) | $ 1,799.24 | $ 842.62 | |
| Wages Payable | | | |
| Notes Payable | | | |
| Rent / Leases - Building/Equipment | | | |
| Secured Debt / Adequate Protection Payments | | | |
| Professional Fees | | | |
| Amounts Due to Insiders* | | | |
| Other Post-petition Liabilities (attach schedule) | $ - | $ - | |
| TOTAL POST-PETITION LIABILITIES | $ 63,611.62 | $ 25,860.62 | $ - |
| **LIABILITIES SUBJECT TO COMPROMISE (Pre-Petition)** | | | |
| Secured Debt | $ 219,624.70 | $ 221,885.69 | $ 280,884.40 |
| Priority Debt      Loan Payable (IK) | $ 201,874.64 | $ 201,874.64 | $ 271,137.90 |
| Unsecured Debt | $ 674,904.63 | $ 674,904.63 | $ 674,904.63 |
| TOTAL PRE-PETITION LIABILITIES | $ 1,096,403.97 | $ 1,098,664.96 | $ 1,226,926.93 |
| TOTAL LIABILITIES | $ 1,160,015.59 | $ 1,124,525.58 | $ 1,226,926.93 |
| **OWNER EQUITY** | | | |
| Capital Stock | $ 100.00 | $ 100.00 | $ 100.00 |
| Additional Paid-In Capital | | | |
| Partners' Capital Account | | | |
| Owner's Equity Account | $ (4,900.00) | $ (4,900.00) | $ (3,500.00) |
| Retained Earnings - Pre-Petition | $ (1,112,767.93) | $ (1,112,767.93) | $ (1,159,435.60) |
| Retained Earnings - Post-petition | $ 513,624.58 | $ 614,843.09 | |
| Adjustments to Owner Equity (attach schedule) | | | |
| Post-petition Contributions (attach schedule) | | | |
| NET OWNERS' EQUITY | $ (603,943.35) | $ (502,724.84) | $ (1,162,835.60) |
| TOTAL LIABILITIES AND OWNERS' EQUITY | $ 556,072.24 | $ 621,800.74 | $ 64,091.33 |

*"Insider" is defined in 11 U.S.C Section 101(31).

**BALANCE SHEET** - continuation section

| Assets | BOOK VALUE AT END OF CURRENT REPORTING MONTH | BOOK VALUE AT END OF PRIOR REPORTING MONTH | BOOK VALUE ON PETITION DATE |
|---|---|---|---|
| **Other Current Assets** | | | |
| Advance Employee | $          - | $          500.00 | $          658.08 |
| Petty Cash | $          205.08 | $          205.08 | $          205.08 |
| Security Deposits | $          17,596.70 | $          17,596.70 | $          12,595.00 |
| | | | |
| **Other Assets** | $          17,801.78 | $          18,301.78 | $          13,458.16 |
| | | | |
| | | | |
| | | | |

| LIABILITIES AND OWNER EQUITY | BOOK VALUE AT END OF CURRENT REPORTING MONTH | | BOOK VALUE ON PETITION DATE |
|---|---|---|---|
| **Other Post-petition Liabilities** | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Adjustments to Owner's Equity** | | | |
| | | | |
| | | | |
| **Post-Petition Contributions** | | | |
| | | | |
| | | | |
| | | | |

**Restricted Cash:** Cash that is restricted for a specific use and not available to fund operations.
Typically, restricted cash is segregated into a separate account, such as an escrow account.

# EXHIBIT "D"

## SCHEDULE OF CASH RECEIPTS AND DISBURSEMENTS FOR THE THIRTY DAY PERIOD FOLLOWING FILING OF THE CHAPTER 11 PETITION

REVENUE

| | |
|---|---|
| Courses | $105,000 |
| Video | $ 7,000 |
| Online | $ 8,000 |

TOTAL REVENUE $120,000

EXPENSES

Operating

| | |
|---|---|
| Rent | $ 600 |
| Payroll | $ 22,000 |
| Consulting | $ 2,000 |
| Insurance | $ 1,200 |
| Internet | $ 300 |
| Supplies | $ 1,000 |
| Shipping | $ 900 |
| Telephone | $ 600 |
| Auto | $ 800 |

Project/ Conference

| | |
|---|---|
| High Risk Obstetrics | $ 5,000 |
| National OB-GYN | $ 4,000 |
| Vascular Ultra Sound | $50,000 |
| USRA Skills | $10,000 |

DVD

| | |
|---|---|
| Vascular, 2nd Ed. | $40,000 |

TOTAL EXPENSES $138,400

TOTAL PROJECTED PROFIT ($18,400.00)

9

# EXHIBIT "E"

See Attached

10

# United States Bankruptcy Court

### Southern District of New York

In re    **IAME GROUP LTD.** _____ ,

                              Debtor

Case No. _____

Chapter _____ **11**

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **IRWIN KUPERBERG**<br>**54 HEARTHSTONE LANE**<br>**SOUTH LONDONBERRY, VT 05155** | | **100%** | |

# DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

    I, the President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___ **June 29, 2010** _____

Signature **/s/ Irwin Kuperberg** _____

                                **Irwin Kuperberg**
                                **President**

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

<u>**0**</u>   continuation sheets attached to List of Equity Security Holders

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                   Best Case Bankruptcy